UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| VINCE BURGESS,<br><br>Plaintiff,<br><br>v.<br><br>MACOMB COUNTY CIRCUIT COURT et al.,<br><br>Defendants. | Case No. 26-13615<br>Honorable Laurie J. Michelson |

**OPINION AND ORDER GRANTING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FILING FEE [2] AND DISMISSING COMPLAINT [1]**

Vincent Burgess is a *pro se* litigant in the Macomb County Circuit Court. (*See* ECF No. 1.) During those proceedings, he sought a "standing accommodation" for electronic email service and remote Zoom hearings based on his various "cognitive, psychiatric, and physical impairments (Schizoaffective Disorder/Delusional Disorder) and housing instability." (*Id.* at PageID.6.). But that court denied his request, reasoning that there were no active, scheduled hearing dates, and "accommodations cannot be evaluated or granted without a specific scheduled hearing date." (*Id.*) Ultimately, his case was dismissed. (*Id.* at PageID.12.)

Unsatisfied with that result, he filed this lawsuit against the Macomb County Circuit Court (16th Judicial Circuit Court), Julie Bovenschen (Court Administrator), Linda Harrison (ADA Coordinator), and Anthony Forlini (County Clerk), asserting

claims under Title II of the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983. (*Id.* at PageID.12–15.)

Along with his complaint, he filed a motion to proceed without prepayment of the filing fee. (ECF No. 2.) For the reasons that follow, the Court GRANTS that application and DISMISSES his complaint.

**I.**

Burgess alleges that he has no income and no assets. (ECF No. 2.) Thus, the Court finds that he has made the required showing of indigence, *see* 28 U.S.C. § 1915(a)(1), and grants his application to proceed without prepayment of fees or costs (ECF No. 2).

As a result, the Court has an additional responsibility under 28 U.S.C. § 1915: it must screen Burgess' complaint and decide whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

While a *pro se* litigant's complaint must be construed "liberally," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), the Court's leniency is "not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). The complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

**II.**

This is not the first lawsuit Burgess has filed in this District against state courts regarding their electronic docketing and remote hearing policies. He filed a substantially similar lawsuit against the Third Judicial Circuit Court and various court employees alleging violations Title II of the ADA and 42 U.S.C. § 1983 for, among other actions, denying his access to e-filing and telephonic systems. *Burgess v. Third Circuit Court*, No. 26-11281 (E.D. Mich. April 17, 2026), ECF No. 1. That case was summarily dismissed based on judicial immunity, sovereign immunity, the *Rooker-Feldman* doctrine, *Younger* Abstention, and because Burgess' "allegations of discrimination under Title II of the ADA are conclusory and fail to state a claim upon which relief may be granted." *Burgess*, No. 26-11281, ECF No. 5.

Undeterred, Burgess filed another lawsuit against the Third Circuit Court and unnamed employees, this time adding a claim under Section 504 of the Rehabilitation Act. *Burgess v. Third Circuit Court of Michigan*, No. 26-12471 (E.D. Mich. July 20, 2026), ECF No. 1. That case was also dismissed for lack of subject matter jurisdiction because the allegations were "totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Burgess*, 26-12471, ECF No. 4, PageID.15 (quoting *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999)).

The lawsuits continued. Burgess initiated another suit against the Michigan Supreme Court and court employees about their alleged failure to accommodate his cognitive disability, bringing claims under Title II of the ADA and § 1983 (due process). *Burgess v. Royster*, No. 26-12487 (E.D. Mich. July 20, 2026), ECF No. 1. This

too was dismissed based on the *Rooker-Feldman* doctrine, quasi-judicial immunity, "minimal facts and conclusive allegations." *Burgess,* No. 26-12487, ECF No. 5, PageID.32–38.

The same is true of his nearly identical claims against Macomb County Circuit Court and its personnel over his inability to access certain electronic filings and Zoom hearings. The complaint suffers from the same jurisdictional and pleading deficiencies, including that the claims are barred by sovereign immunity and quasi-judicial immunity. In sum, like the other courts that have dealt with Burgess' similar claims, the Court similarly "finds that it lacks the requisite subject matter jurisdiction to entertain this litigation." *Burgess*, 26-12471, ECF No. 4, PageID.15 (White, J.); *see also Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (A state's sovereign immunity bars all suits in federal court "against the state and its departments," "whether for injunctive, declaratory or monetary relief."); *Moniz v. Weipert*, No. 20-12705, 2021 WL 1720897, at *5 (E.D. Mich. Apr. 30, 2021) ("The Michigan Supreme Court and its lower courts operate as arms of the state, and are entitled to the same sovereign immunity as the State of Michigan."); *Thompson v. McNamara*, No. 21-11045, 2021 WL 2187086, at *2 (E.D. Mich. May 28, 2021) ("Eleventh Amendment immunity applies to state employees, such as prosecutors, judges, court clerks, and state agency employees who are sued in their official capacities.").

## III.

Accordingly, Burgess' application to proceed without prepayment of the filing fee is GRANTED (ECF No. 2), and his complaint is DISMISSED (ECF No. 1).

IT IS SO ORDERED.

Dated: October 13, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE